In the Matter of JOSEPH D. NUNAN, JR. (Admitted as JOSEPH D. NUNAN), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 7, 1961.

*Eric Nightingale* for petitioner.

*Richard J. Burke* for respondent.

*Per Curiam.* The respondent was, on June 29, 1954, in the United States District Court for the Eastern District of New York, convicted, after a trial, of violation of the Internal Revenue Code (U. S. Code, tit. 26, § 145, subd. [b]; [now § 7201]) for the filing of fraudulent income tax returns for the calendar years 1946 and 1947, and for filing fraudulent joint income tax returns for himself and his wife for the calendar years 1948, 1949 and 1950. It appears that the respondent had reported a very substantial gross income for each of the years mentioned, but the United States Government charged and proved that he had fraudulently failed to report all of his gross income in each of such years whereby he had deprived the Government of a substantial amount in taxes which he should have paid. The respondent was sentenced to five years imprisonment and fined the sum of $15,000. In September, 1956 his conviction was affirmed by the United States Circuit Court of Appeals, and, thereafter, commencing on May 23, 1957, he was imprisoned in a United States Penitentiary. He was released on parole on April 4, 1959.

The respondent was admitted to practice law in the State of New York on December 6, 1922 in the Second Judicial

Department, and thereafter he engaged actively in the practice of law. He has not, however, practiced law since his imprisonment in May, 1957. He refrained from re-engaging in the practice of law following his release from imprisonment pending the determination of this proceeding.

The respondent, except for his conviction as aforesaid, possesses an unusually good record as an outstanding citizen and reputable member of the Bar. He had an exemplary war record in the first world war, enlisting in 1917, and was decorated by the French with the Croix de Guerre for distinguished service. He served in the New York State Assembly and New York State Senate for 10 years, from 1929 to 1940. From 1941 to 1944, he was Collector of Internal Revenue for the First District of New York. He served as United States Commissioner of Internal Revenue from 1944 to 1947, when he resigned to devote himself to private law practice.

Convictions of this nature are misdemeanors under the State law. Under the circumstances, the respondent had violated Canons 29 and 32 of the Canons of Professional Ethics. The respondent has been " guilty of  *  *  *  fraud, deceit, crime or misdemeanor " and " conduct prejudicial to the administration of justice " for which this Appellate Division is expressly given authority to discipline him (Judiciary Law, § 90, subd. 2).

Under the circumstances, the respondent was guilty of professional misconduct, and it is so adjudged. We take into consideration, however, his otherwise satisfactory record and long service at the Bar and as a public official, and also his otherwise good reputation for honesty and integrity. Under all the circumstances, it is determined that he should be suspended from practice for a period of one year.

BOTEIN, P. J., BREITEL, RABIN, EAGER and BASTOW, JJ., concur.

Respondent suspended for a period of one year.